UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIE Y. WINFIELD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:14-cv-12219-IT |
| NEIL J. PEROCCHI, LAWRENCE POLICE DEPARTMENT, and MICHAEL FORNESI, | * * * | |
| | * | |
| Defendants. | * | |

ORDER

July 19, 2016

TALWANI, D.J.

    I.     Introduction

This civil rights action stems from an incident on June 30, 2012, in which Plaintiff Marie Winfield ("Winfield") was arrested at Lawrence General Hospital ("the Hospital"). Winfield initially filed suit against the Lawrence Police Department, Lawrence Police Officer Neil Perrochi ("Perrochi"), and Lawrence General Hospital security guard Michael Fornesi ("Fornesi"). On July 22, 2015, the court dismissed all claims against the Lawrence Police Department and dismissed some claims against Perrochi and Fornesi. Mem. & Order [#31]. The court concluded, however, that Winfield's civil rights claims against Perrochi and her civil rights conspiracy claims against Perrochi and Fornesi all hinged on information not apparent from the face of the complaint, namely, what Perrochi knew at the time he arrested Winfield. Id. at 10. Accordingly, the court declined to dismiss those causes of action as to those defendants and allowed limited discovery into the issue of what Perrochi knew when he arrested Winfield—i.e., whether Perrochi had probable cause. Id. at 10-11. Winfield subsequently added the Hospital as a

defendant and has asserted a single cause of action for vicarious liability, as the Hospital allegedly was Fornesi's employer.

Winfield now brings three motions that are currently pending before the court.

II.  Winfield's <u>Motion for Order Compelling Disclosure of Discovery & to Impose Sanctions</u> [#54].

Winfield seeks to compel the Hospital's responses to several interrogatories and requests for production of documents. As set forth at the July 7, 2016 Status Conference, most of Winfield's discovery requests at issue exceed the limited scope of discovery permitted by the court thus far. Accordingly, the court DENIES Winfield's motion as to Interrogatories 3, 5, 6, 8, 12, 14, and 15, and DENIES Winfield's motion as to the requests for production of documents. The court ALLOWS Winfield's motion to compel a further response as to Interrogatory 10, which seeks information regarding any investigation into the June 30, 2012 incident, only as follows. To the extent Patient Relations Specialist Judith Ryan's investigation addressed the information which Perrochi purportedly relied upon in arresting Ms. Winfield or the reason(s) given by or attributed to Perrochi for the arrest, the Hospital shall provide a further response no later than July 21, 2016 that provides the information sought by all subparts of Interrogatory 10 relevant to that limited issue.

In addition, if Ms. Ryan's investigation addressed the information which Perrochi purportedly relied upon in arresting Ms. Winfield or the reason(s) given by or attributed to Perrochi for the arrest, the Hospital shall provide a further response to Interrogatory 13 no later than July 21, 2016 that states whether Ms. Ryan is currently employed by the Hospital. If Ms. Ryan is no longer employed by the Hospital, if Ms. Winfield still seeks Ms. Ryan's contact information, and if the parties are unable to resolve this issue, they shall promptly notify the court.

> III. Winfield's Motion for Leave to File Second Amended Complaint with Jury Demand [#55]

Winfield seeks leave to file a second amended complaint to allege new facts and causes of action against Fornesi, the Hopsital, and three new defendants. The proposed amendments stem from an incident that allegedly occurred on May 15, 2016. Perrochi opposes the motion on the ground that joinder of the three new defendants is improper under Rule 20(a)(2). That rule provides that

> [p]ersons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

As Perrochi notes, the three proposed new defendants were not involved with the June 30, 2012 incident that is the subject of the operative First Amended Complaint and could not be jointly and severally liable for judgment stemming from that incident. Joining the proposed new defendants to the pending action is therefore improper under Rule 20(a)(2). Accordingly, Winfield's Motion for Leave to File Second Amended Complaint with Jury Demand [#55] is DENIED without prejudice. Winfield may, if she chooses, initiate a new action based on the May 15, 2016 incident. If she does so, Winfield shall indicate this action as a "related" case.

> IV. Winfield's Motion for Protective/Restraining Order [#52]

Finally, Winfield seeks entry of an order

(1) barring Defendant Lawrence General Hospital from "divulging information pertaining to Winfield's protected health information, or allowing any breach of said information under PHI and HIPAA";

(2) enjoining the Hospital "from allowing Hospital Security Officers, staff, and employees" from preventing Winfield from seeking needed medical services;

(3) prohibiting the Hospital from refusing to treat Winfield or from harming Winfield for "generic reasons, discrimination, or based on the pending action";

(4) ordering the Hospital to not allow security officers to decide whether Winfield or her family members are in need of medical services; and

(5) ordering the Hospital and all defendants to not discuss this case.

To obtain such injunctive relief, a movant must provide "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers." 11A Wright, Miller & Kane, Fed. Practice and Procedure, § 2949 (3d ed. 2016). Winfield's motion is based solely on her unsworn allegations regarding the May 15, 2016 incident. Moreover, a party seeking an injunction must establish, at least, that it will suffer irreparable harm if the injunction is denied and that the harm the movant suffers outweighs any harm to the opposing party caused by the injunction, and that the effect on the public interest weighs in the movant's favor. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996). Winfield's motion fails to address any of these factors. Accordingly, Winfield's Motion for Protective/Restraining Order [#52] is DENIED.

V.   Conclusion

As set forth above, Winfield's Motion for Order Compelling Disclosure or Discovery & to Impose Sanctions [#54] is ALLOWED IN PART and DENIED IN PART; Winfield's Motion for Leave to File Second Amended Complaint with Jury Demand [#55] is DENIED; and Winfield's Motion for Protective/Restraining Order [#52] is DENIED.

IT IS SO ORDERED.

Date:   July 19, 2016                                            /s/ Indira Talwani
                                                                 United States District Judge