UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIE Y. WINFIELD | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:14-cv-12219-IT |
| | * | |
| NEIL J. PEROCCHI, MICHAEL FORNESI, and LAWRENCE GENERAL HOSPITAL, | * * * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

February 27, 2017

TALWANI, D.J.

Plaintiff Marie Winfield brings this civil rights action against Defendants Neil Perocchi, a detective with the Lawrence Police Department ("Det. Perocchi"), Lawrence General Hospital ("Hospital"), and Michael Fornesi, a security guard employed by the Hospital, for alleged damages arising from her June 2012 arrest at the hospital. Specifically, she alleges that, at Fornesi's direction, Det. Perocchi arrested her to prevent her from filing a complaint against Fornesi and two other security guards, and that the Hospital is vicariously liable for Fornesi's actions. Presently before the court are Fornesi and the Hospital's Motion for Summary Judgment [#67] and Perocchi's Motion for Summary Judgment [#71]. For the following reasons, Defendants' motions are ALLOWED.

I.   Factual Background[1]

On the evening of June 30, 2012, Plaintiff visited her husband, who was staying at the hospital as an inpatient. Def. Fornesi & Lawrence Gen. Hosp.'s Mot. Summ. J ["Fornesi Mot. Summ. J."] Ex. D ["Winfield Dep."] 19:3-21; 30:13-16 [#68-4] (Transcript of Deposition of Marie Winfield); id. at 30:13-16. During her visit, Plaintiff and the treating physician argued about her husband's care. Id. at 27:2-23. Hospital staff called security as Plaintiff boarded the elevator to leave. Id. at 28:4-5. When the elevator arrived at the lobby level, she encountered three security guards, including Fornesi. Id. at 22:14-16; 28:21:23. The guards told her that visiting hours had ended and asked her to leave the hospital. Id. at 31:9. Plaintiff informed them that she had a meeting scheduled with a nurse supervisor, and the guards escorted her to the fourth floor for her meeting. Id. at 31:11-13; 32:3-8.

Plaintiff found the security guards "very threatening, really very aggressive" while in the elevator. Id. 32:16-20. After meeting with the nurse supervisor, Plaintiff returned to the first floor to report the guards' behavior to their superiors. Id. at 34:5-17. However, she was told there was no one in charge of security on site and was referred to a nurse manager in the Emergency Department. Id. at 34:9-35:3. While waiting to speak with the nurse manager, Plaintiff was told that the security guards were waiting for her outside. Id. at 36:19-23. She exited the building to speak with them. Id. 37:1; 38:15-20.

Fornesi, who was one of the security guards outside, avers that he again asked Plaintiff to leave the premises. Fornesi Mot. Summ. J. Ex. F ["Fornesi Aff."] ¶ 11 [#68-6] (Affidavit of

---

[1] The facts here are construed in the light most favorable to Plaintiff as the non-moving party. See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Consistent with Local Rule 56.1, "[m]aterial facts of record set forth in the statement[s] . . . will be deemed . . . to be admitted . . . unless" they have been properly "controverted by" the non-moving party's statement of material facts.

2

Michael Fornesi). Recalling the exchange at her deposition, Plaintiff testified, "I really don't remember what [the guards] said. It seemed they were all talking at the same time. I don't remember anything they said." Winfield Dep. 38:6-9. Plaintiff remained on the premises and continued to talk to the security guards. Winfield Dep. 39:14-22.

Fornesi reentered the hospital and informed Det. Perocchi, who was working paid detail on site that night, that "there was a problem at the emergency entrance of the hospital with a visitor that would not leave the property." Fornesi Mot. Summ. J Ex. B ["Perocchi Aff."] ¶¶ 5-7 [#68-2] (Affidavit of Neil Perocchi). Det. Perocchi located Plaintiff outside and directed her to leave. Id. at 1:2-7. According to Plaintiff, she told Det. Perocchi that she did not have transportation and would have to call her daughter to be picked up. Winfield Dep. 40:9-23. Det. Perocchi then "grabbed [her] hand" and placed her in handcuffs. Id. at 42:4-5. He summoned a police cruiser with his radio and, upon its arrival, he and Fornesi "put" Plaintiff in the car. Id. at 42:14-16; 45:10-17. She was transferred to the police station for booking. Fornesi Aff. ¶ 11.

II. Discussion

    A. *Summary Judgment Standard*

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists if an issue can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). Facts are material if they have the potential to affect the outcome of the case. Id.

To defeat a motion for summary judgment, the non-moving party must identify facts— either uncontested or disputed—that demonstrate the existence of a trialworthy issue. Id. The court views the entire record in the light most favorable to the non-moving party and makes

inferences in the non-moving party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). However, the non-moving party may not rely "merely upon conclusory allegations, improbable inferences, and unsupported speculation." Pina v. Children's Place, 740 F.3d 785, 796 (1st Cir. 2014) (citation omitted); see also Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (deeming "conclusory responses unsupported by evidence" to be insufficient to ward off summary judgment).

### B. Claims Against Det. Perocchi

Plaintiff raises the following causes of action against Det. Perocchi, all of which are rooted in the decision to arrest her: false and malicious arrest in violation of the Fourth Amendment (Count I); wrongful imprisonment and confinement in violation of the Fourth, Fifth, and Fourteenth Amendments (Count II); violation of her First Amendment rights (Count III); and conspiracy to violate her First, Fourth, Fifth, and Fourteenth Amendment rights (Count IV). These constitutional claims arise under 42 U.S.C. § 1983 ("Section 1983"), which provides a vehicle for redressing constitutional violations caused by municipal or state actors.

Relief is barred under Section 1983 if an officer had probable cause to arrest the plaintiff. Correia v. Feeney, 620 F.3d 9, 12 (1st Cir. 2010); cf. Robinson v. Cook, 706 F.3d 25, 33 (1st Cir. 2013) ("A warrantless arrest is permissible under the Fourth Amendment where there is probable cause."). Probable cause exists if "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [arrestee] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). Probable cause "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). The officer's subjective state of mind is not part of the

probable cause analysis. Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 349 (1st Cir. 1995).

Here, Defendants assert that Det. Perocchi had probable cause to arrest Plaintiff for criminal trespass. Under Massachusetts law, criminal trespass occurs when a person "without right enters or remains in . . . [a private building] . . . after having been forbidden so to do by the person who has lawful control of said premises." Mass. Gen. Laws ch. 266, § 120. A person in lawful control of property may "summarily revoke a licensee's right to enter the premises." Afrasiabi v. Harvard Univ., 39 F. App'x 620, 623 (1st Cir. 2002). "A person who is found committing such trespass may be arrested by a . . . police officer." Mass. Gen. Laws ch. 266, § 120. Thus, if notice has been given and the licensee nonetheless remains on the property, "the Massachusetts trespass statute permits arrest of the uncooperative trespasser." Alexis, 67 F.3d at 351 (finding that arrest by officer was lawful under Mass. Gen. Laws ch. 266, § 120 where customer had been asked to leave by manager but remained in restaurant); see also Hatfield v. Mass. Bay Transp. Auth., Civ. No. 14-14225, 2015 WL 8483255, at *2 (D. Mass. Dec. 9, 2015) (finding that elements of Mass. Gen. Laws ch. 266, § 120 were met where MBTA officer forbid the plaintiff from remaining on or returning to terminal following verbal disagreement but the plaintiff nonetheless returned to terminal).

Defendants contend that such notice was given to Plaintiff to leave the property before the arrest. According to Fornesi's affidavit, he asked Plaintiff to leave while they were outside. In her memoranda in opposition to the motions, Plaintiff denies that any security guards told her to leave. Pl.'s Opp. to Defs.' Michael Fornesi & Lawrence Gen. Hosp.'s Mot. Summ. J. & Mem. L in Supp. ["Pl.'s Opp. to Fornesi's Mot."] 14 [#75]. However, in her sworn deposition testimony, she stated that she could not recall what the security guards said to her. Winfield Dep.

38:6-7 [#68-4]. Plaintiff's denials in her memoranda thus are unsupported by the record. See Pina, 740 F.3d at 795; Griggs-Ryan, 904 F.2d at 115.

Defendants further have presented evidence that Fornesi advised Det. Perocchi that Plaintiff refused to leave the hospital. Perocchi Aff. ¶¶ 5-7 [#68-2]. In disputing this evidence, Plaintiff asserts that Fornesi did not tell Det. Perocchi this in her presence and that Det. Perocchi never told her that he knew the security guards had asked her to leave. Pl.'s Opp. to Fornesi's Mot. 16. However, she acknowledges that Det. Perocchi did tell her, "I already know what happened. I already know everything . . . so you just need to leave." Winfield Dep. 40:20-22. Furthermore, Plaintiff testified at her deposition that she was unsure as to what Det. Perocchi knew had before arresting her. Id. at 94:7-10. Accordingly, it is undisputed for the purposes of summary judgment that Fornesi advised Det. Perocchi that Plaintiff had refused to leave.

Having spoken with Fornesi, Det. Perocchi "had reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that [Plaintiff] had committed or was committing" criminal trespass. Beck, 379 U.S. at 91; see also Alexis, 67 F.3d at 351 (finding officer could reasonably believe the plaintiff was trespassing based on eyewitness report that plaintiff had created "unwarranted disturbance" and refused to leave premises). Therefore, probable cause existed to arrest Plaintiff for criminal trespass. Because the arrest did not deprive Plaintiff of her constitutional rights, summary judgment is proper.[2]

C. Civil Rights Conspiracy Claim Against Fornesi

Plaintiff alleges that Fornesi conspired with Det. Perocchi to arrest her so as to deprive her of her First Amendment right to file a complaint against Fornesi and the other security guards. A civil rights conspiracy claim requires the plaintiff to prove by a preponderance of

---

[2] Because probable cause existed, the court need not reach the question of whether Det. Perocchi is entitled to qualified immunity.

evidence that "(1) a conspiracy existed, (2) the defendants had a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws, (3) the defendants committed an overt act in furtherance of the conspiracy, and (4) the plaintiff suffered injury to person or property, or a deprivation of a constitutionally protected right." Uphoff Figueroa v. Alejandro, 597 F.3d 423, 432 (1st Cir. 2010) (quoting Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008)) (internal quotation marks omitted).

As discussed above, because Det. Perocchi had probable cause to arrest Plaintiff, the arrest was lawful and inflicted no constitutional injury. Further, the summary judgment record is void of evidence that Fornesi engaged in any wrongdoing. While it is undisputed that Fornesi and Det. Perocchi conversed before the arrest, Plaintiff relies on speculation alone as to what was said. She claims that Fornesi did not tell Det. Perocchi that he had asked her to leave and instead suggests that Fornesi directed Det. Perocchi to arrest her to prevent her for complaining about him and his fellow security guards. This amounts to "unsupported speculation," Pina, 740 F.3d at 796, and "conjecture cannot take the place of proof in the summary judgment calculus," id. at 799; see also id. at 802 (finding that, although "a judge must not engage in making credibility determinations or weighing the evidence at the summary judgment stage[,] . . . it is equally clear that judges cannot allow conjecture to substitute for the evidence necessary to survive summary judgment."). Accordingly, Fornesi is entitled to summary judgment.

D. *Vicarious Liability Claim Against Lawrence General Hospital*

Plaintiff alleges that the Hospital is vicariously liable for Fornesi's actions.[3] Because her claim against Fornesi fails as a matter of law, her claim against the Hospital necessarily fails as well. See Santana-Concepcion v. Centro Medico del Turabo, Inc., 768 F.3d 5, 15 (1st Cir. 2014) (concluding that all claims of vicarious liability fail with the claims against the individual).

III. Conclusion

In light of the foregoing, Fornesi and Hospital's Motion for Summary Judgment [#67] and Perocchi's Motion for Summary Judgment [#71] are ALLOWED.

IT IS SO ORDERED.

Date: February 27, 2017 /s/ Indira Talwani
United States District Judge

---

[3] On September 22, 2015, Plaintiff sought leave of court to file an amended complaint to add the Hospital as a defendant. Pl.'s Mot. Leave File 1st Am. Compl. [#41]. At a September 24, 2015, scheduling conference, counsel for the Hospital agreed not to object to a cause of action for vicarious liability. Consequently, on September 28, 2015, the court granted Plaintiff leave to file a supplemental complaint for the limited purpose of "set[ting] forth a cause of action for vicarious liability against [the Hospital]." Order [#43]. Plaintiff filed her Supplemental Complaint [#46] on October 5, 2015, which added the aforementioned cause of action and two counts of negligence. Since the court did not grant leave to add the negligence claims, they are not properly before the court and thus are stricken. See F.D.I.C. v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000).